IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:12-cv-043 |
| ) | |
| CANON INC., and ) | JURY TRIAL DEMANDED |
| CANON U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT CANON U.S.A., INC.'S REPLY
IN SUPPORT OF ITS MOTION TO STAY**

In their response, Plaintiff states that "[t]he Moving Defendants do not present any evidence or argument explaining how the Delaware litigation would resolve GeoTag's claims against them in this litigation." GeoTag, Inc.'s Response to Defendant Canon U.S.A., Inc.'s Motion to Stay ("Response"), Ex. E at 6. In fact, Canon U.S.A., Inc. ("Canon"), by reference to prior filings, did in fact include evidence and argument explaining how this case can be resolved by the Delaware litigation. *See, e.g.*, Defendant Canon U.S.A., Inc.'s Motion to Stay ("Motion to Stay"), Ex. A at 14 (explaining that "[r]esolution of the Declaratory Judgment Actions brought by the Delaware Plaintiffs would resolve the major issues of patent validity, patent enforceability, and construction"). Indeed, to the extent that the Delaware action could resolve even a single issue in an action involving hundreds of defendants, such a resolution would be a significant contribution to judicial economy.

Plaintiff further argues that Moving Defendants "rely entirely on the arguments previously made to the Court by other defendants in other actions." Response, Ex. E at 6.

Canon made those arguments pursuant to an agreement[1] between Plaintiff's counsel and counsel for Defendants, and those arguments are equally relevant to Canon as they are to other Defendants.

Plaintiff further argues that "none of those arguments even suggested that the Delaware litigation could resolve all or even most of the issues regarding GeoTag's claims against the Moving Defendants. Indeed, the Moving Defendants do not present any evidence or argument that GeoTag's claims against them share any common issues with the Delaware litigation other than the issue of the validity of the `474 patent in suit." Response, Ex. E at 6-7. As detailed in the prior briefing, Moving Defendants have extensively argued how the Texas cases share common issues with the Delaware litigation, including patent invalidity, patent enforceability and claim construction. Indeed, the Moving Defendants make significant arguments that the issue of invalidity is case dispositive, because a finding of invalidity would be case determinative for all defendants and conclude *all* related litigation.

In sum, for the reasons set forth herein, Canon respectfully requests that the Court stay the present action pending resolution of the Delaware Declaratory Judgment Action.

Dated: July 12, 2012　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *James J. DeCarlo*
　　　　　　　　　　　　　　　　　　　　James J. DeCarlo
　　　　　　　　　　　　　　　　　　　　decarloj@gtlaw.com
　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, LLP
　　　　　　　　　　　　　　　　　　　　MetLife Building
　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 801-9200
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 801-6400

---

[1] This agreement is explained in Canon's Certificate of Conference in the Motion to Stay.

**Defendant's Reply In Support of Its Motion to Stay**
　　　　　　　　　　　Page 2

Michael A. Nicodema, admitted *pro hac vice*
Attorney in Charge
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932
Telephone:  973-360-7900
Telecopier:  973-301-8410

Mary-Olga Lovett
lovettm@gtlaw.com
State Bar No. 00789289
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  713-374-3541
Telecopier:  713-374-3505

Kimberly A. Warshawsky
warshawskyk@gtlaw.com
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-445-8000
Telecopier: 602-445-8100

ATTORNEYS FOR DEFENDANT
CANON U.S.A., INC.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to consented to electronic service and being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 12, 2012.  Any other counsel of record or parties will be served by facsimile transmission and/or first class mail this 12th day of July, 2012.

                                                             By:  */s/ James J. DeCarlo*
                                                                   James J. DeCarlo